## Affidavit of Special Agent Debora A. Seifert

I, Debora A. Seifert, being duly sworn, do hereby depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice ("ATF") and have been so employed since August of 2001. Previously, I was employed as a Deputy United States Marshal with the United States Marshals Service for approximately three years. As a Special Agent with ATF, my responsibilities include investigating and enforcing the federal firearms laws. I attended the Criminal Investigator Training Program, at the Federal Law Enforcement Training Center (FLETC), in Glynco, Georgia, from May of 1998 until July of 1998, where I received training and instruction as a Criminal Investigator, including firearms training, the execution of search and arrest warrants, investigative techniques, and legal instruction which covered Fourth Amendment searches and seizures. From January of 2002 until April of 2002, I received specialized training, known as New Professional Training ("NPT") through ATF, at FLETC, where I received instruction in firearms technology and identification, firearms trafficking, explosives, and arson. During my career as a Special Agent, I have participated in the investigation of

1

numerous illegal drug and gun cases and have participated in the execution of numerous arrest warrants and search warrants.

2. From my training and experience, I know it is a violation of Title 18, United States Code, Section 922(g)(1) for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess or receive any firearm which has been shipped or transported in interstate or foreign commerce.

3. The information contained in this affidavit is based on my personal involvement in this investigation, my training and experience, my review of documents, and information provided to me by other law enforcement officers. This affidavit does not contain all the information I possess about this investigation, but only that which is necessary to support the criminal complaint and arrest warrant application. This affidavit is submitted in support of a criminal complaint charging Neftali PEREZ, date of birth April 03, 1983, who most recently resided at 68 Fifth Avenue, Apartment 3 in Worcester, Massachusetts.

4. During the month of October of 2004, officers from the Massachusetts State Police, Worcester County Detective Unit, and the Worcester ATF Office conducted an investigation into the illegal distribution of crack cocaine in the Worcester area. The

target of the investigative was an individual named Neftali PEREZ.

5. On October 28, 2004, Massachusetts State Trooper Michael J. Sampson applied for and received a state search warrant from Worcester District Court for the person and the residence of Neftali PEREZ. ATF Special Agent Michael Curran and I were present during the search of the PEREZ residence, located at 68 Fifth Avenue, Apartment 3, Worcester, Massachusetts. Upon locating PEREZ, Trooper Sampson explained the search warrant to PEREZ and advised Perez of his Miranda rights. PEREZ told Trooper Sampson he did not have any drugs in the apartment, but stated that he had a pistol under the mattress in his bedroom. One 9mm Hi-Point pistol, serial number P1210556, with one round in the chamber and two rounds in the magazine was located under the mattress were PEREZ directed the police to look. Other evidence seized by the State Police during the search of PEREZ'S residence included baggie cut-outs and approximately $9,500 in U.S. currency.

6. Neftali PEREZ agreed to speak with Trooper Sampson while the search of his residence was conducted. Post his Miranda warning, PEREZ told Trooper Sampson that the gun in the residence was his and that he obtained the firearm in New York.

PEREZ also told Trooper Sampson he had the gun for his protection because he "took the Dominicans for 300 grams of Cocaine and they want to kill (him)." PEREZ provided Trooper Sampson with a written statement admitting that he possessed the firearm and the additional information described above.

7. Neftali PEREZ was subsequently arrested. At the time of his arrest, PEREZ was on parole in the Commonwealth of Massachusetts, as well as on probation in Worcester County.

8. I have learned Neftali PEREZ has a criminal history and I obtained records from Worcester District Court regarding PEREZ. Worcester Superior Court Docket number WOCR2000-00394 indicates Neftali PEREZ, date of birth April 03, 1983 was convicted of Massachusetts General Law Chapter 265, Section 15A for Assault and Battery with a Dangerous Weapon in May of 2001, as well as Massachusetts General Law Chapter 265, Section 18B, Armed Assault, Intent to Murder. These charges carry potential punishment by imprisonment in state prison for not more than 10 years or in the house of correction for not more than 2 ½ years, and imprisonment not more then twenty years, respectively.

9. On March 01, 2005, I spoke with a representative from the Massachusetts Governor's Council on Pardons. The representative informed me that they had no record of Neftali

PEREZ, date of birth April 03, 1983, filing for or receiving a pardon from the State of Massachusetts.

10. I provided a description of the Hi-Point, 9mm pistol, serial number P1210556, to ATF Special Agent Kurt Wheeler, who has received specialized training in the interstate nexus of firearms, regarding firearms identification and origin. S/A Wheeler told me the Hi-Point pistol was manufactured outside of the state of Massachusetts and had thus moved traveled in interstate commerce.

11. On Tuesday, March 8, 2005, I received a copy of the certificate of examination and test-firing regarding the Hi-Point 9mm pistol, model C9, S/N # P1210556 recovered from Neftali PEREZ'S residence on October 28, 2004, located at 68 Fifth Avenue, Apartment 3, Worcester, Massachusetts. The ballistics examination was conducted by Massachusetts State Police, Firearms Identification Section Ballistics Expert Lieutenant Phillip Langton on January 07, 2005. The copy of the certificate of examination and test-firing was conducted on one Hi-Point 9mm pistol, model C9, S/N #P1210556, which was submitted to Lieutenant Langton with a magazine and three live rounds (Speer 9mm Luger). Lieutenant Langton used one submitted round of ammunition (Speer 9mm Luger) to conduct the test-firing. The certificate of examination and test-firing states it is the

opinion of Lieutenant Langton the Hi-Point 9mm pistol, model C9, S/N# P1210556 and the Speer 9mm Luger is a firearm/ammunition within the meaning of and as defined in Massachusetts General Law Chapter 140 Section 121.

12. Based on the above, I believe probable cause exists to conclude that from on or about October 28, 2004, Neftali PEREZ did possess, in Massachusetts, subsequent to a conviction of a crime punishable by imprisonment for a term exceeding one year, a firearm which has been shipped or transported in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

13. I thus respectfully request that an arrest warrant charging this offense be issued for the arrest of Neftali PEREZ.

_____
Debora A. Seifert, Special Agent
U.S. Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn and subscribed to me this 10th day of March, 2005.

_____
CHARLES B. SWARTWOOD, III
Chief United States Magistrate Judge